# EXHIBIT A
# to Defendants' Notice of Removal

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: July 1, 2022 3:25 PM<br>FILING ID: 7D59E55FCD23E<br>CASE NUMBER: 2022CV31856 |
| **Plaintiff:** ADAM JOHNSON, an individual,<br><br>v.<br><br>**Defendants:** GREENFIELD HOLDINGS, LLC, a Delaware limited liability company, and GREENFIELD EMPLOYEES, LLC, a Delaware limited liability company. | |
| **Attorneys for Plaintiff:**<br>Leah P. VanLandschoot, #35723<br>Amy M. Maestas, #46925<br>**THE LITIGATION BOUTIQUE LLC**<br>78 W 11th Avenue<br>Denver, Colorado 80204<br>Phone Number: 303-355-1942<br>Fax Number: 303-355-2199<br>lvanlandschoot@thelitbot.com<br>amaestas@thelitbot.com | ▲ **COURT USE ONLY** ▲<br>Case Number:<br><br>Div.:<br>Ctrm.: |
| **COMPLAINT** | |

Plaintiff Adam Johnson ("Mr. Johnson" or "Plaintiff"), through his undersigned counsel, hereby submits this Complaint against Greenfield Holdings, LLC, a Delaware limited liability company and Greenfield Employees, LLC, a Delaware limited liability company (together "the Greenfield Defendants" or the "Company"), and in support thereof states as follows.

## PARTIES

1. Mr. Johnson is an individual who resides at 1501 South Clayton Street, Denver, Colorado 80210.

2. Greenfield Holdings, LLC, is a Delaware limited liability company with its principal place of business located at 210 University Blvd, Suite 200, Denver, Colorado 80206.

3. Greenfield Employees, LLC, is a Delaware limited liability company with its principal place of business located at 210 University Blvd, Suite 200, Denver, Colorado 80206.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the Greenfield Defendants pursuant to Colo. Rev. Stat. § 13-1-124.

5. Venue is permitted in this Court pursuant to Colo. R. Civ. P. 98.

## GENERAL ALLEGATIONS

6. Greenfield Holdings describes itself as an integrated agricultural infrastructure company developing a world-class asset base that will help facilitate the growing international demand for grain and other U.S. agricultural products.

7. Upon information and belief, Greenfield Employees is the employing entity for the employees of Greenfield Holdings and related entities.

8. Starting on July 15, 2019, Mr. Johnson was hired as Chief Executive Officer (CEO) for the Greenfield Defendants.

9. Mr. Johnson signed an Employment Agreement with Medlock Investments, LLC, which outlined Mr. Johnson's salary, bonus, equity grant, and other benefits of his position as CEO for the Greenfield Defendants.

10. Mr. Johnson's employment by Medlock Investments and the Greenfield Defendants (which, at the time of the Employment Agreement, were defined as "Company"), was governed by the Employment Agreement, attached as **Exhibit 1**.

11. Mr. Johnson performed commodities trading functions for the Greenfield Defendants during his employment as CEO.

12. In recognition of his trading performance for the Greenfield Defendants during calendar year 2020, Mr. Johnson received an annual trading bonus of approximately $250,000 as part of his compensation.

13. Mr. Johnson performed his commodities trading functions for the Greenfield Defendants again in 2021 and earned a bonus of $1,616,490 as part of his compensation for his 2021 trading performance.

14. Effective December 31, 2021, by Written Consent of the Sole Manager and Sole Member of the Greenfield Defendants (attached as **Exhibit 2**), Mr. Johnson's trading bonus for calendar year 2021 was approved and confirmed in all respects and deemed non-discretionary.

15. Further, by the Written Consent, the method of calculating Mr. Johnson's trading bonus for calendar year 2021 was detailed and confirmed.  See Exhibit 2.

16. Mr. Johnson's trading bonus of $1,616,490 was earned in accordance with the terms and conditions of his employment with the Greenfield Defendants and was for Mr. Johnson's commodities trading performance during calendar year 2021.

17. Mr. Johnson's trading bonus constitutes wages under Colorado law.  See Colo. Rev. Stat. § 8-4-101, *et. seq.*

18. Mr. Johnson has not been paid $646,596 of his 2021 trading bonus, which is earned, vested, and determinable.

19. On or about May 4, 2022, Mr. Johnson resigned from his employment with the Greenfield Defendants and made a written statutory wage demand through counsel pursuant to Colo. Rev. Stat. § 8-4-101, *et. seq.* for the unpaid potion of his 2021 trading bonus.

20. Under Colorado law, Mr. Johnson's unpaid wages were due immediately upon his separation, but in no circumstance, after the Greenfield Defendants' next regular payroll cycle.

21. Even after receipt of Mr. Johnson's statutory wage demand, the Greenfield Defendants failed to pay Mr. Johnson his unpaid wages.

22. The Greenfield Defendants' withholding of Mr. Johnson's wages is unjustified and subjects them to statutory penalties and attorneys' fees.

23. The Greenfield Defendants owe Mr. Johnson $646,596 of his earned, vested, and determinable wages under Colorado law, which have not been paid to date.

## CLAIM FOR RELIEF
(Unpaid Wages under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, *et. seq.*)

24. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

25. Plaintiff gave notice of his resignation from employment with the Greenfield Defendants on May 4, 2022.

26. Prior to Plaintiff's resignation, the Greenfield Defendants had not paid Plaintiff the full amount of his 2021 trading bonus.

27. Plaintiff's 2021 trading bonus constitutes wages under the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, *et. seq.* and was therefore due at the next regular pay period after his resignation from employment with the Greenfield Defendants.

28. On May 4, 2022, Plaintiff made a written demand to the Greenfield Defendants for payment of his unpaid trading bonus pursuant to Colo. Rev. Stat. § 8-4-101, *et seq*.

29. The Greenfield Defendants did not pay Mr. Johnson any portion of his unpaid wages within 14 days from the date of his written demand.

30. Plaintiff's 2021 trading bonus is earned, vested, and determinable and therefore is due and payable to Mr. Johnson upon his separation from employment. See Colo. Rev. Stat. § 8-4-101, *et seq*.

31. The Greenfield Defendants' failure to pay Plaintiff his earned, vested, and determinable wages constitutes a willful violation of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101, *et seq*.

32. Plaintiff seeks recovery of his unpaid wages in the amount of $646,596, pre- and post-judgment interest, statutory penalties (including penalties for willfulness), and his attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Johnson prays for entry of judgment in his favor and against the Greenfield Defendants on his unpaid wage claim asserted herein, for statutory penalties, reimbursement of all attorneys' fees and costs, pre- and post-judgment interest, and such other and further relief as the Court deems just and proper.

Dated: July 1, 2022.

By: /s/ *Leah P. VanLandschoot*
Leah P. VanLandschoot, #35723
Amy Maestas, # 46925
THE LITIGATION BOUTIQUE LLC
78 W 11th Avenue
Denver, Colorado 80204
Phone: 303-355-1942
Fax: 303-355-2199
lvanlandschoot@thelitbot.com;
amaestas@thelitbot.com
ATTORNEYS FOR PLAINTIFF

**Plaintiff's address:**
1501 South Clayton Street
Denver, Colorado 80210

4